IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETTY LOREN-MALTESE,

    Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

    Defendants.
                                        /

No. 09-02637 CW

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915A

    Plaintiff Betty Loren-Maltese, a federal prisoner incarcerated at the Federal Half-Way House in Las Vegas, Nevada, files this action alleging violations of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and of her constitutional rights under 42 U.S.C. § 1983 et seq., and seeks leave to proceed in forma pauperis.[1] Plaintiff sues the United States, the United Stated Department of Justice, the United States Internal Revenue Service, the Honorable John Grady, district court judge in the Northern District of Illinois, five judges on the Seventh Circuit Court of Appeals, the

---

[1] Plaintiff cites other statutes under which she brings this action. However, many of them do not apply to this case. For instance, 42 U.S.C. § 1391 addresses appropriations for combating mental retardation, 42 U.S.C. § 1981 addresses discrimination on the basis of race in the making and enforcement of contracts, 42 U.S. § 1988 addresses awarding attorneys' fees to the prevailing party in a civil rights suit, 28 U.S.C. § 1367 addresses supplemental jurisdiction over state law claims, 28 U.S.C. § 1404 addresses change of venue, and 28 U.S.C. § 2464 addresses the security necessary to discharge property arrested in an admiralty case. She cites two statutes which do not exist: 28 U.S.C. § 1376 and 28 U.S.C. § 2865.

1  United States Attorney and several Assistant United States
2  Attorneys in the Northern District of Illinois (together, federal
3  Defendants), and former officials of the town of Cicero, Illinois,
4  the two attorneys who represented Plaintiff in her criminal
5  proceedings, the attorney who represented Joseph DeChicio,
6  Plaintiff's co-defendant, and two individuals who were appointed as
7  guardians of Plaintiff's minor daughter (together, private
8  Defendants).

## BACKGROUND

Plaintiff alleges the following. She is the former mayor of Cicero, Illinois. On February 22, 2002, she, along with seven other individuals, was criminally charged by the United States with violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., wire and mail fraud, and conspiracy to impede the Internal Revenue Service (IRS) in the assessment and collection of taxes. The case involved a fraud committed against the town of Cicero by Specialty Risk Consultants (SRC), the company hired to process the health insurance claims of Cicero's employees. Cicero was self-insured, in that it provided health insurance coverage for its employees through its own funds. It used a third-party administrator, SRC, to process the claims. Cicero funded SRC through weekly wire transfers initiated and approved by Cicero Treasurer Joseph DeChicio with the aid of Town Clerk Mark Moro. The amounts transferred to SRC escalated over time. In 1996, federal law enforcement began investigating SRC. In early 1997, the Cicero Town Board fired SRC. Using Plaintiff's name stamp, DeChicio authorized and continued to make wire

2

transfers to SRC in excess of $770,000. Plaintiff had no knowledge of these payments.

In December, 2001, the United States placed a lien on Plaintiff's residence for an undisclosed amount before the criminal indictment against her was filed. It filed the lien in Las Vegas where the property is located, even though she was indicted and tried in district court in the Seventh Circuit. Based on these allegations, Plaintiff asserts that federal Defendants violated her Fifth Amendment right to due process by attaching her property.

Defendants, individually and acting in a conspiracy, prevented Plaintiff from being present at all crucial times during pre-trial proceedings. They also prevented her from being present during the questioning of the jurors. During the trial, former Cicero officials knowingly testified falsely against Plaintiff. The jury found Plaintiff guilty of one count of conspiracy to violate RICO, 18 U.S.C. § 1962(d), and five counts of wire and mail fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1346. The jury acquitted Joseph DeChicio of all charges. Plaintiff's counsel failed to produce a single witness to rebut claims of fabrication of evidence. Based on these allegations, Plaintiff asserts that Defendants violated her rights to due process and equal protection guaranteed by the Fifth, Sixth, and Fourteenth Amendments and conspired to violate these rights in violation of 42 U.S.C. § 1985(3).

Plaintiff asserts that her sentence was vacated in United States v. Spano, 421 F.3d 599 (7th Cir. 2005), but that she remained in the custody of the Bureau of Prisons even though it had

3

the duty to release her. The judges on the Seventh Circuit joked about her case and failed to carry out the constitutional duties and responsibilities of their office. Based on these allegations, Plaintiff asserts that her Fourth and Sixth Amendment rights were violated by federal Defendants.

Defendants Pat Rand and Patrick Kennedy lied to the state court in order to become the sole guardians of Plaintiff's minor daughter. Based on this allegation, Plaintiff asserts claims against Rand and Kennedy for violating her Fourth, Fifth and Eighth Amendment rights to be the guardian and sole parent of her minor child.

## LEGAL STANDARD

### I. Review Under 28 U.S.C. § 1915A(a)

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### II. Civil Rights Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

4

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). Federal actors acting under federal authority are immune from suit under § 1983. Merritt v. Mackey, 932 F.2d 1317, 1323 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). A private right of action, however, may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392-97 (1971). Except that one is brought against state actors and the other against federal actors, actions under 42 U.S.C. § 1983 and Bivens are identical. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

III. Heck v. Humphrey

In order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a plaintiff seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his or her

5

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. Although Heck involved a claim under § 1983, the Ninth Circuit has held that the rationale of Heck applies in cases brought under Federal Tort Claims Act and Bivens. Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (Bivens).

DISCUSSION

Plaintiff's claims against federal Defendants would, if meritorious, imply the invalidity of her conviction. Plaintiff appealed her conviction to the Seventh Circuit Court of Appeals in United States v. Spano, 421 F.3d 599 (7th Cir. 2005). The court concluded that the trial judge had erred in rounding down the loss estimation of the victim and remanded for re-sentencing. Id. at 608. However, it affirmed Plaintiff's convictions. Id. at 602-06. The United States Supreme Court denied her petition for writ of certiorari. Loren-Maltese v. United States, 546 U.S. 1095 (2006). On November 8, 2007, the district court denied her motion to vacate her conviction and sentence under 18 U.S.C. § 2255. United States v. Loren-Maltese, 2007 WL 3334345 (N.D. Ill.).

Because Plaintiff has unsuccessfully appealed her conviction and has unsuccessfully moved to have her conviction and sentence set aside under 18 U.S.C. § 2255, her conviction is final. Therefore, pursuant to Heck, Plaintiff's § 1983 and tort claims against the federal Defendants are dismissed with prejudice. Furthermore, Plaintiff's civil rights claims against the private

Defendants fail because, as individuals, they did not act under color of state law or under federal authority when committing the acts upon which Plaintiff's claims are based.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).  The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:  3/18/2010       
                                CLAUDIA WILKEN
                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BETTY LOREN-MALTESE et al,

        Plaintiff,

v.

USA et al,

        Defendant.

Case Number: CV09-02637 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Betty Loren-Maltese
Reg. No. 13706-424
Federal Half-Way House
2901 Industrial Rd.
Las Vegas, NV 89109

Dated: March 18, 2010

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

8